# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**DOMINCA SPEIGLE,**

    **Plaintiff,**

**v.**      Case No: 6:17-cv-1532-Orl-37KRS

**COSTCO WHOLESALE CORPORATION,**

    **Defendant.**

## ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** PLAINTIFF'S AMENDED MOTION TO COMPEL PRODUCTION OF VIDEO TAPE PRIOR TO PLAINTIFF'S DEPOSITION (Doc. No. 31)
>
> **FILED:** April 9, 2018
>
> **THEREON** it is **ORDERED** that the motion is **GRANTED**.

Plaintiff contends she was injured when she slipped on a substance on the floor of Defendant's store and fell injuring herself. She served a discovery request seeking all surveillance videotape which captured her fall. Doc. No. 31, at 1. Defendant objected to the request as seeking confidential, proprietary and work-product protected information. Defendant stated, however, that "[n]otwithstanding and without waiving any privilege, Defendant agree[s] to produce a copy of the surveillance video after the deposition of Plaintiff." *Id.* at 2.

Plaintiff now seeks to compel production of the videotape before she is deposed. In response to the motion, Defendant concedes that the videotape was not made in anticipation of litigation, but it contends, without supporting evidence, that the videotape was preserved upon instructions of Defendant's Risk Management department in anticipation of litigation. Doc. No. 33, at 1-2. Defense counsel relies on *Bolitho v. Home Depot USA, Inc.*, No. 10-60053-CIV, 2010 WL 2639639 (S.D. Fla. June 3, 2010), for the proposition that work product applies in these circumstances. However, as noted in another case, the work product finding in *Bolitho* is dicta and, in any event, the *Bolitho* decision is not binding on this Court. *See Schulte v. NCL (Bahamas) Ltd.*, No. 10-23265-CIV, 2011 WL 256542, at * 4 (S.D. Fla. Jan. 25, 2011).

Federal law governs the assertion of the work-product doctrine in this Court. *Auto Owners Ins. Co. v. Totaltape, Inc.*, 135 F.R.D. 199, 201 (M.D. Fla. 1990) (citations omitted). Under federal law, a party may not refuse to disclose purported work product that it intends to rely upon as direct or impeachment evidence in a case. *See, e.g., United States v. Nobles*, 422 U.S. 225, 239 & n. 14 (1975). Defendant does not stipulate that it will not attempt to affirmatively rely on the videotape as direct or impeachment evidence.

If Defendant wished to depose Plaintiff to obtain her unrefreshed recollection of her slip and fall, it could have done so promptly after discovery began in this case. Rather, it originally set Plaintiff's deposition for June 27, 2018 (Doc. No. 28, at 2), after the close of discovery. This deposition date would have permitted Defendant, under its proposal, to withhold the surveillance video until discovery in this case was closed. This attempted gamesmanship to obstruct discovery in this case does not establish good cause to permit Defendant to continue to withhold the videotape until Plaintiff's now rescheduled deposition is completed.

Accordingly, it is **ORDERED** that Defendant shall produce any and all surveillance videotape which captured the Plaintiff's fall to counsel for Plaintiff on or before April 12, 2018.

**DONE** and **ORDERED** in Orlando, Florida on April 10, 2018.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE